1  SIDNEY J. COHEN, ESQ., State Bar No. 39023
   SIDNEY J. COHEN PROFESSIONAL CORPORATION
2  427 Grand Avenue
   Oakland, CA 94610
3  Telephone: (510) 893-6682
   Facsimile:  (510) 893-9450
4
   Attorneys for Plaintiff
5  JEAN RIKER

6              UNITED STATES DISTRICT COURT

7              NORTHERN DISTRICT OF CALIFORNIA

8  JEAN RIKER                          CASE NO. C 07-06397 MJJ
                                       <u>Civil Rights</u>
9       Plaintiff,

10 v.                                  **COMPLAINT FOR PRELIMINARY
                                       AND PERMANENT INJUNCTIVE
11 MUSTARD'S GRILL;                    RELIEF AND DAMAGES; DENIAL
   3W & C,LLC; and DOES 1-25,          OF CIVIL RIGHTS AND PUBLIC
12 Inclusive,                          FACILITIES TO PHYSICALLY
                                       DISABLED PERSONS, (§§, 54, 54.1, 55
13      Defendants.                    CIVIL CODE; §19955 ff HEALTH &
                                       SAFETY CODE); INJUNCTIVE
14 _____/    RELIEF PER TITLE III,
                                       AMERICANS WITH DISABILITIES
15                                     ACT OF 1990, 42 USC §§12181. et. seq.**

16                                     **DEMAND FOR JURY TRIAL**

17

18

19

20

21

22

23

24

25

26

27

28

Complaint for Damages, Injunctive Relief, etc.        -1-

Plaintiff Jean Riker complains of Defendants above named, and each of them, and alleges as follows:

**FIRST CAUSE OF ACTION: DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION**
(§§19955 Et. Seq., Health & Safety Code, §54.1, Et. Seq. Civil Code)

1. Ms. Riker is a "person with a disability" or "physically handicapped person."[1] Ms. Riker requires the use of a wheelchair for locomotion and is unable to use portions of public facilities which are not accessible to disabled persons who require the use of a wheelchair.

2. **SUMMARY**: This case involves the denial of disabled accessible parking, entrance, paths of travel, bar, restrooms, signage, and related facilities to Ms. Riker and other disabled persons at Mustard's Grill, 7399 Saint Helena Highway, Napa, California 94558. Ms. Riker was denied equal protection of the law and was denied Civil Rights under both California law and federal law. Ms. Riker was denied her rights to full and equal access at the Restaurant because it was not, and is not, properly accessible to disabled persons such as Ms. Riker who use wheelchairs. Ms. Riker seeks injunctive relief to require Defendants to make the Restaurant and related facilities accessible to disabled persons and to ensure that any disabled person who attempts to use the Restaurant will be provided a accessible parking, paths of travel, bar, restrooms, signage and related proper accessible facilities. Ms. Riker also seeks recovery of damages for her physical and personal injuries and discriminatory experiences and seeks recovery of reasonable attorneys'

---

[1] (Hereinafter, the words "physically handicapped" and "physically disabled" are used interchangeably as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 Health & Safety Code uses the term "physically handicapped persons," and the statutes protecting "Blind and other physically disabled persons," §§ 54, 54.1, 54.3 and 55 Civil Code and other statutory measures refer to the protection of the rights of "individuals with disabilities.")

fees, litigation expenses and costs, according to statute.

3. **JURISDICTION:** This Court has jurisdiction of this action pursuant to 28 USC §1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101 *et seq*. Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of California Government Code §4450, *et. seq*., Health & Safety Code §19955 *et seq*., including §19959; Title 24 California Code of Regulations; and California Civil Code §§ 54, 54.1 and 55.

4. **VENUE:** Venue is proper in this court pursuant to 28 USC 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Ms. Riker's causes of action arose in this district.

5. **INTRA DISTRICT:** This case should be assigned to the San Francisco intra district as the real property which is the subject of this action is located in said intra district and Ms. Riker's causes of action arose in said intra district.

6. Defendants and DOES 1-5, Inclusive, are the owners, operators, lessors, lessees, franchisors and/or franchisees of the subject Restaurant, property, and facilities which are the subject of this action. This Restaurant, property, and facilities is a "public accommodation or facility" subject to the requirements of California Health & Safety Code §19955 et seq. and the California Civil Code Disabled Person's Act. On information and belief, this Restaurant, property, and facilities have, since July 1, 1970, either been constructed and/or undergone "alterations, structural repairs, or additions" subjecting them to disabled access requirements per §19959 Health & Safety Code.

7. The true names and capacities of Defendants DOES 6 through 10, Inclusive, are unknown to Ms. Riker who therefore sues said Defendants by such fictitious names; Ms. Riker is informed and believes that each of the Defendants

Complaint for Damages and Injunctive Relief                 -3-

herein designated as a DOE is legally responsible in some manner for the events and happenings herein referred to and the cause of injury and damages proximately to Ms. Riker. Ms. Riker prays leave of Court to amend this Complaint to show such true names and capacities when the same have been ascertained.

8.   Defendants and DOES 1-10, Inclusive, are and/or were the owners, operators, lessors, lessees, franchisors and/or franchisees of the subject Restaurant, property, and facility during all times relevant to this Complaint. Ms. Riker is informed and believes that each of the Defendants herein is the agent, employee or representative of each of the other Defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other Defendants in proximately causing the damages complained of herein.

9.   Ms. Riker and other similarly situated physically disabled persons who require the use of a wheelchair are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of the Health & Safety Code §19955 et. seq. Ms. Riker is a member of that portion of the public whose rights are protected by the provisions of §19955 et seq. Health & Safety Code. The acts and omissions of Defendants complained of herein were committed in the City and County of Napa, State of California.

10.   §19955 Health & Safety Code was enacted "To ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with §4450) of Division 5 of Title 1 of the Government Code." Such public accommodations are defined to include Restaurants. §19955 Health & Safety Code also requires that, "When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the physically handicapped." Title 24, California Code of Regulations, formerly known as the

California Administrative Code, was in effect at the time of new construction and/or each alteration which, on information and belief, occurred at such public facility since July 1, 1982, thus requiring access complying with the specifications of Title 24 whenever there is such new construction or whenever each such "alteration, structural repair or addition" is carried out.  On information and belief, the original construction of the building and alterations, structural repairs, or additions which additionally triggered access requirements also may have occurred between July 1, 1970 and July 1, 1982, and required access pursuant to the A.S.A. (American Standards Association) Regulations then in effect.

11.  On August 6, 2007 Ms. Riker, who requires the use of a wheelchair for mobility, arrived at the Restaurant with friends for dinner. Upon her arrival in her wheelchair accessible van and during her time at the restaurant, Ms. Riker encountered numerous barriers to access in both the Restaurant common areas and Restaurant interior, including inaccessible parking, paths of travel, bar, women's restroom, signage, and related facilities. In this regard, Ms. Riker first encountered a parking lot that does not have the requisite number of accessible parking spaces, does not have an accessible parking space designated as "van accessible," does not have accessible spaces that meet the requirements for slope, does not have a path of travel from the designated "accessible spaces" to the entrance to the Restaurant that can be reached other than by traversing across vehicular traffic, and does not have a designated accessible route provided to the Restaurant entrance. These parking lot barriers to access caused Ms. Riker some difficulty and concern for her safety in getting to the Restaurant entrance. Once at the entrance, Ms. Riker next encountered a door that exceeded the maximum permissible force to open.  Upon gaining entry to the Restaurant , Ms. Riker and her party, who had a dinner reservation, learned that their table was not ready, and they were forced to wait for over an hour to be seated at a table for dinner. During this wait, Ms. Riker next learned that she could

1  not gain access to the bar for food or drink, which did not have a lowered section for
2  persons such as Ms. Riker who require the use of a wheelchair, and could not gain
3  access to the bar area, which did not have tables serving the bar that met the
4  requirements for persons who use wheelchairs. Finally, after dinner Ms. Riker had
5  the need to use the women's restroom. Upon reaching the restroom with difficulty
6  down a narrow hallway, Ms. Riker learned that the women's restroom is totally
7  inaccessible to persons such as herself who use wheelchairs for mobility.

8       12.   Ms. Riker discussed the lack of access with a person who she was told
9  was in charge that evening and was told that the Restaurant did not have to do
10 anything because it was "grand fathered in."

11      13.   Ms. Riker quickly departed the Restaurant, could not control her bodily
12 functions and urinated on herself before she could reach an accessible
13 restroom.

14      14.   The Restaurant and its facilities should be brought in compliance with
15 all applicable federal and state disabled access laws and regulations.

16      15.   Further, any violation of the Americans With Disabilities Act of 1990,
17 (as pled in the Second Cause of Action hereinbelow, the contents of which are
18 repled and incorporated herein, word for word, as if separately repled), also
19 constitutes a violation of California Civil Code's Disabled Person's Act,, thus
20 independently justifying an award of damages and injunctive relief pursuant to
21 California law.

22      16.   **INJUNCTIVE RELIEF:** Ms. Riker seeks injunctive relief to prohibit
23 the acts and omissions of Defendants as complained of herein which are continuing
24 on a day-to-day basis and have the effect of wrongfully excluding Ms. Riker and
25 other members of the public who are physically disabled wheelchair users from full
26 and equal access to the Restaurant and its facilities. Such acts and omissions are the
27 cause of humiliation and mental and emotional suffering of Ms. Riker in that these
28

actions continue to treat Ms. Riker as an inferior and second class citizen and serve to discriminate against her on the sole basis that she is a person with disabilities and requires the use of a wheelchair for movement in public places; Ms. Riker is unable, so long as such acts and omissions of Defendants continue, to achieve equal access to and use of this Restaurant and its facilities. Until Defendants make the Restaurant and its facilities accessible to and useable by Ms. Riker, she is deterred from returning to the Restaurant and its facilities. Ms. Riker wishes to return to the Restaurant as soon as it is accessible to her in compliance with federal and state laws and regulations. The acts of Defendants have proximately caused and will continue to cause irreparable injury to Ms. Riker if not enjoined by this court.

17. **DAMAGES:** As a result of the denial of equal access to the Restaurant and its facilities, and due to the acts and omissions of Defendants and each of them in owning, operating, leasing, franchising, constructing, altering, and maintaining the subject facility, Ms. Riker suffered a violation of her Civil Rights including but not limited to rights under §§54 and 54.1 Civil Code, and suffered physical injury, discomfort and pain, mental and emotional distress, embarrassment and humiliation, all to her damages as hereinafter stated. Defendants' actions and omissions to act constituted discrimination against Ms. Riker on the sole basis that she was physically disabled and unable, because of the architectural barriers created and/or maintained by the Defendants in violation of the subject laws, to use the Restaurant and its facilities on a full and equal basis as other persons. Ms. Riker also seeks trebling of all actual damages, general and special, as provided by said Civil Code.

18. **FEES AND COSTS:** As a result of Defendants' acts, omissions, and conduct, Ms. Riker has been required to incur attorneys' fees, litigation expenses, and costs as provided by statute, in order to enforce Ms. Riker's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting

discrimination against disabled persons. Ms. Riker therefore seeks recovery of all reasonable attorney's fees and costs, pursuant to the provisions of said Civil Code. Additionally, Ms. Riker's lawsuit is intended not only to obtain compensation for damages to Ms. Riker, but also to force the Defendants to make their facilities accessible to all disabled members of the public, justifying "public interest" attorneys' fees, litigation expenses and costs pursuant to the provisions of §1021.5 Code of Civil Procedure.

19. Wherefore Ms. Riker asks this court to preliminarily and permanently enjoin any continuing refusal by Defendants to grant such access to Ms. Riker and to require Defendants to comply forthwith with the applicable statutory requirements relating to access for disabled persons. Such injunctive relief is provided by §19953 Health & Safety Code and California Civil Code's Disabled Person's Act, and other law. Ms. Riker further requests that the court award damages pursuant to California Civil Code's Disabled Person's Act and other law and statutory costs and attorney fees pursuant to §19953 Health & Safety Code, Civil Code §54.3 and 55, Code of Civil Procedure §1021.5 and other law, all as hereinafter prayed for.

Wherefore Ms. Riker prays for relief as hereinafter stated:

### SECOND CAUSE OF ACTION:
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
### 42 USC §12101FF

20. Ms. Riker repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 19 of this Complaint, and incorporates them herein as if separately repled.

21. Pursuant to law, in 1990 the United States Congress made findings per 42 USC §12101 regarding physically disabled persons, finding that laws were needed to more fully protect "some 43 million Americans [with] one or more physical or mental disabilities;" that "historically society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against

individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous. . . ."

22. Congress stated as its purpose in passing the Americans with Disabilities Act (42 USC §12101(b))

It is the purpose of this act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, <u>enforceable standards</u> addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and

(4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of <u>discrimination faced day to day</u> by people with disabilities. (Emphasis added)

23. As part of the Americans with Disabilities Act, Public Law 101-336, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC 12181ff). Among "private entities" which are considered "public accommodations" for purposes of this title are a "... a restaurant, bar or other establishment serving food or drink." (§301(7)(B) and "...a Restaurant, motel or other place of lodging." (301 (7) (A).

24. Pursuant to §302, 42 USC §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates

a place of public accommodation."

25.     Among the specific prohibitions against discrimination were included: §302(b)(2)(A)(ii): "A failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities...;"

§302(b)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...:"

§302(b)(2)(A)(iv): "A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§302(b)(2)(A)(v): "Where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."   The acts and omissions of Defendants set forth herein were in violation of Ms. Riker's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36ff.

26.     The removal of each of the barriers complained of by Ms. Riker  as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of the Americans With Disabilities Act.  As noted hereinabove, removal of each and every one of the architectural barriers complained of herein were also required under California law.  On information and belief, access in certain particulars were also required by either new construction and /or alterations and additions to the premises occurring after January 26, 1993, pursuant to section 303 of the ADA (42 USC 12183).

27.    As of the date of Ms. Riker's visit, and as of the date of the filing of this Complaint, the premises denied full and equal access to Ms. Riker and to other disabled wheelchair users and violated Ms. Riker's rights to full and equal access and which discriminate against Ms. Riker on the basis of her disability, thus wrongfully denying to Ms. Riker the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of §302 of the ADA, 42 USC §12182. Said premises continue on a day to day basis to deny Ms. Riker and other disabled persons such full and equal access.

28.    Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, §308, Ms. Riker is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Ms. Riker is being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that she is about to be subjected to discrimination in violation of §302. On information and belief, Defendants have continued to violate the law and deny the rights of Ms. Riker and of other disabled persons to access this public accommodation since on or before Ms. Riker's visit. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

29.    Ms. Riker seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964, (42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Ms. Riker is a person for purposes of Section 308(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing she will be subjected to such discrimination each time that she may attempt to use the facilities.

Wherefore Ms. Riker prays for relief as hereinafter stated:

**PRAYER**

1. Issue a preliminary and permanent injunction directing Defendants as owners, operators, lessors and /or lessees of the subject Restaurant and facilities to modify the above described facilities so that each provides adequate access to all citizens, including persons with disabilities; and issue a preliminary and permanent injunction directing Defendants to provide facilities usable by Ms. Riker and similarly situated persons with disabilities, and which provide full and equal access, as required by law;

2. Retain jurisdiction over the Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and will not recur;

3. Award to Ms. Riker all appropriate damages, including but not limited to statutory damages, general damages and special damages in an amount within the jurisdiction of the Court, and treble damages pursuant to Civil Code Section 54.3.

4. Award to Ms. Riker a reasonable attorneys' fees, litigation expenses, and costs of this proceeding as provided by law; and

5. Grant such other and further relief as this Court may deem just and proper.

Dated: 12/18/07

SIDNEY J. COHEN
PROFESSIONAL CORPORATION

By /s/ Sidney J. Cohen
_____
Sidney J. Cohen
Attorney for Plaintiff

DEMAND FOR JURY TRIAL

Ms. Riker hereby demands a jury for all claims for which a jury is permitted.

| | |
|---|---|
| 1   Dated: 12/18/07 | SIDNEY J. COHEN<br>PROFESSIONAL CORPORATION |

Dated: 12/18/07

SIDNEY J. COHEN
PROFESSIONAL CORPORATION

By   /s/ Sidney J. Cohen
_____

Sidney J. Cohen
Attorney for Plaintiff